CITY OF EUCLID, APPELLEE, *v.*
BITTEL, APPELLANT.

(No. 46329—Decided October 11, 1983.)

*Mr. David Lombardo* and *Mr. Neil Myers,* for appellee.

*Mr. Thomas M. Clayton,* for appellant.

PARRINO, P.J. Defendant-appellant, Timothy Bittel, appeals his conviction for speeding in violation of Euclid Codified Ordinance Section 333.03.

Officer Thomas Hoinski of the Euclid Police Department testified at trial that defendant was traveling at a rate of thirty-eight miles per hour on Lloyd Road in Euclid. The posted speed on Lloyd Road is twenty-five miles per hour. Officer Hoinski further stated that, in his opinion, the speed was unreasonable under the circumstances.

Defendant testified that he thought he was traveling approximately thirty-five miles per hour and that the speed was not unreasonable.

Defendant assigns three errors on appeal, the first of which reads as follows:

"1. Lloyd Road is a through highway. Ohio Revised Code § 4511.21 prescribes a 35 miles per hour prima facie speed limit for through highways. Plaintiff-appellee, City of Euclid, reduced the 35 miles per hour prima facie speed limit to 25 miles without complying with the proper procedure for doing so, as set forth in Ohio Revised Code § 4511.21(J) and, therefore, defendant-appellant's conviction should be reversed."

Euclid Codified Ordinance Section 333.03 provides in pertinent part as follows:

"333.03 MAXIMUM SPEED LIMITS; ASSURED CLEAR DISTANCE AHEAD.

"No person shall operate a motor vehicle at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface and width of the street or highway and any other conditions, and no person shall drive any motor vehicle in and upon any street or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead.

"It is prima-facie lawful, in the absence of a lower limit declared pursuant to Ohio R.C. 4511.21 by the Ohio Director of Transportation or Council, for the operator of a motor vehicle to operate the same at a speed not exceeding the following:

"* * *

"(c) *Twenty-five miles per hour* in all other portions of the Municipality, except on State routes, through streets and through highways outside business districts;

"(d) *Thirty-five miles per hour* on all State routes or through streets and through highways within the Municipality outside business districts, except as provided in subsections (e) and (f) of this section;

"* * *

"Whenever, in accordance with Ohio R.C. 4511.21, the speed limitations as established herein have been altered, either higher or lower, and the appropriate signs giving notice have been erected as required, operators of motor vehicles shall be governed by the speed limitations set forth on such signs. It is prima-facie unlawful for any person to exceed the speed limits posted upon such signs. (ORC 4511.21)"

This provision parallels R.C. 4511.21.

Defendant contends that Lloyd Road is a "through highway" within the meaning of Euclid Codified Ordinance Section 333.03 and that a speed limit on Lloyd Road of thirty-five miles per hour is therefore prima-facie lawful.

Defendant points to the definition of "through highway" as set forth in R.C. 4511.65(B) to support his position:

"(B) *Other streets or highways, or portions thereof, are hereby designated through highways if they are within a municipal corporation, if they have a continuous length of more than one mile between the limits of said street or highway or portion thereof,* and if they have 'stop' or 'yield' signs or traffic control signals at the entrances of the majority of intersecting streets or highways. *For purposes of this section, the limits of said street or highway or portion thereof shall be a municipal corporation line, the physical terminus of the street or highway, or any point on said street or highway at which vehicular traffic thereon is required by regulatory signs to stop or yield to traffic on the intersecting street,* provided that in residence districts a municipal corporation may erect either stop signs or yield signs at an intersecting street and thereafter designate by ordinance said street or highway, or portion thereof, not to be a through highway. Where two or more through highways designated under this division intersect and no traffic control signal is in operation, stop signs or yield signs shall be erected at one or more entrances thereto by the department or by local authorities having jurisdiction, except as otherwise provided." (Emphasis added.)

A reading of R.C. 4511.65(B) shows that a through highway must have a continuous length of more than one mile between any two of the limits indicated in the statute. See *State* v. *Redmond* (May 19, 1982), Cuyahoga App. No. 45590, unreported.

Officer James Purvis of the Euclid Police Department testified that the portion of Lloyd Road which lies with the city of Euclid is less than one mile long. The

limits of that portion of Lloyd Road are the Euclid municipal corporation line and the physical terminus of Lloyd Road, which ends near Lake Erie.

Therefore, contrary to defendant's contention, Lloyd Road may not be properly characterized as a through highway.[1]

Accordingly, defendant's first assignment of error is without merit.

Defendant's second and third assignments of error read as follows:

"2. Under Ohio law, any doubt as to the interpretation of the statute must be resolved in favor of the one against whom it is invoked. In light of this rule, Lloyd Road is a through highway with a prima facie speed limit of 35 miles per hour and, therefore, defendant-appellant's conviction should be reversed.

"3. Ohio Revised Code § 4511.65 is unconstitutional in that it is ambiguous and fails to set reasonably clear guidelines for those charged with its administration and results in arbitrary and unequal enforcement. Under Ohio law, the paramount concern in construing traffic laws is uniformity; therefore, defendant-appellant's conviction should be reversed."

Because these assignments of error raise the same issue, they will be addressed together.

Defendant argues in his brief that R.C. 4511.65(B) is ambiguous in that it "sets forth three different limits which may be used to measure the greater than one mile length of a street or roadway."

We disagree with defendant's contention. In applying the statute, one simply determines if any of the three limits set forth therein arise in any portion of the road that is a mile or less in length from the occurrence of a prior limit. If so, then that portion does not qualify as a "through highway." We do not find this method of determining the limits of a through highway to be ambiguous.

Accordingly, the defendant's second and third assignments of error are without merit.

*Judgment affirmed.*

JACKSON and ANN MCMANAMON, JJ., concur.

---

[1] It is apparent that a speed of thirty-eight miles per hour would be beyond a speed limit of thirty-five miles per hour. In *Cleveland Heights* v. *Woodle* (1964), 176 Ohio St. 113 [27 O.O.2d 5], the Ohio Supreme Court determined that the street there at issue was a through highway but remanded to the trial court to determine whether thirty-six miles per hour, the speed at which defendant was traveling, was a greater speed than was reasonable or proper, having regard to the conditions specified under R.C. 4511.21.

We render no opinion as to whether, had we determined Lloyd Road was a through highway, a remand would have been necessary under the facts of this case.